**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DERRICK O. LASTER, | : |
|        Petitioner, | : Civil Action No. 06-6017 (NLH) |
|        v. | :  **O P I N I O N** |
| CHARLES E. SAMUELS, | : |
|        Respondent. | : |

**APPEARANCES:**

Derrick O. Laster, Pro Se
#17312-045
FCI Fort Dix
Unit 5711, P.O. Box 2000
Fort Dix, NJ 08640

Irene E. Dowdy
Office of the U.S. Attorney
402 East State Street, Room 430
Trenton, NJ 08608
Attorney for Respondent

**HILLMAN, District Judge**

Petitioner, Derrick O. Laster, filed a petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on December 14, 2006.  On January 26, 2007, Petitioner filed a Motion for the Appointment of Pro Bono Counsel (docket entry 7).  Having considered the motion pursuant to Fed. R. Civ. P. 78, the Court will deny the motion for appointment of counsel.

**BACKGROUND**

Petitioner filed a habeas petition, pro se, asking for relief based on the following claims:

1. The pretrial agreement in this case violates the Due Process Clause and Rules for Court Martials.
2. Petitioner was denied an effective appeal.
3. Sufficient credit was not awarded for the time Petitioner was confined at the "brig."

See Petition, ¶ 10.

Subsequent to the filing of the instant motion, Respondent filed a Motion to Dismiss the first two claims of the Petition for lack of jurisdiction, and an Answer to the third claim of the Petition, asserting that the Petition is unexhausted, and alternatively arguing that the Petition should be denied on the merits.

Petitioner seeks the appointment of counsel for the following reasons: (1) the legal issues involved in his case are complex; (2) he lacks the ability to present an effective case; and (3) he is indigent. See Motion, ¶ 3.

**DISCUSSION**

There is no Sixth Amendment right to appointment of counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)("our cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)(holding that there is no statutory or constitutional right of counsel

conferred upon indigent civil litigants); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992)("there is no 'automatic' constitutional right to counsel in federal habeas corpus proceedings).

Title 18 of the United States Code, section 3006A(a)(2)(B) states that counsel may be appointed to an indigent habeas petitioner where the "interests of justice so require."[1]  In determining whether the interests of justice require appointment of counsel, the Court must examine whether or not the petitioner has presented a meritorious claim.  See Biggins v. Snyder, 2001 WL 125337 at * 3 (D. Del. February 8, 2001)(citing Reese v. Fulcomer, 946 F.2d 247, 263-64 (3d Cir. 1991))(other citations omitted).  Next, the Court must determine whether the appointment of counsel will benefit the petitioner and the Court by examining the legal complexity of the case and the petitioner's ability to present his claims and investigate facts.  See id. (citing Reese, 946 F.2d at 264; Parham v. Johnson, 126 F.3d 454, 457-58 (3d Cir. 1997); Tabron v. Grace, 6 F.3d 147, 155-56 (3d Cir. 1993))(other citations omitted).  "Where these issues are 'straightforward and capable of resolution on the record,' or when the petitioner has 'a good understanding of the issues and the ability to present forcefully and coherently his contentions,' the court would not

---

[1] Likewise, 28 U.S.C. § 1915(e)(1) provides that a court may "request an attorney to represent any person unable to afford counsel."

3

abuse its discretion in declining to appoint counsel." Id. (citations and quotations omitted); see also Paul v. Attorney General of New Jersey, 1992 WL 184358 at * 1 (D.N.J. July 10, 1992)(stating that the factors the court should consider in appointing counsel include: "(i) the likelihood of success on the merits; (ii) the complexity of the legal issues raised by the complaint; and (iii) the ability of the prisoner to investigate and present the case.").

In the instant case, the Court must first determine if Petitioner states non-frivolous, meritorious claims. From the face of the petition, Petitioner's sentencing computation claim does not appear to be frivolous, and may or may not have merit. See Neitzke v. Williams, 490 U.S. 319, 325 (1989)(in actions filed pursuant to 42 U.S.C. § 1983, a "frivolous" complaint is defined as one which has "inarguable legal conclusions" or "fanciful factual allegations").

Next, the Court must examine whether the appointment of counsel will benefit the Court and the petitioner. The instant case seems to be fairly "straightforward and capable of resolution on the record." See Parham, 126 F.3d at 460 (citing Ferguson v. Jones, 905 F.2d 211, 214 (8th Cir. 1990)). Because Petitioner is incarcerated, he has access to the prison law library and a limited ability to investigate the law. See Jones v. Kearney, 2000 WL 1876433 at *2 (D. Del. December 15, 2000).

4

This Court's review is limited to determining whether Petitioner "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3). Petitioner's claims are not complex.  The record provided by Respondent should provide the Court with the information needed to resolve this case.  It does not appear that expert testimony will be required.

At this early point in the proceedings, the Court will deny Petitioner's motion to appoint counsel, without prejudice to Petitioner renewing the motion, if necessary, as the litigation proceeds.  At this juncture, it does not appear that the appointment of counsel would benefit both Petitioner and the Court.

## CONCLUSION

Based on the foregoing, Petitioner's motion for counsel will be denied, without prejudice.  An appropriate Order accompanies this Opinion.

s/ Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

Dated: August 6, 2007
AT CAMDEN, NEW JERSEY