**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DERRICK O. LASTER, Petitioner, v. CHARLES E. SAMUELS, Respondent. | Civil Action No. 06-6017 (NLH) **O P I N I O N** |

**APPEARANCES:**

Derrick O. Laster, Pro Se
#17312-045
FCI Fort Dix
Unit 5711, P.O. Box 2000
Fort Dix, NJ 08640

Irene E. Dowdy
Office of the U.S. Attorney
402 East State Street, Room 430
Trenton, NJ 08608
Attorney for Respondent

**HILLMAN, District Judge**

On December 14, 2006, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241,[1] asserting three

[1] Section 2241 provides in relevant part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
> (c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

grounds for relief. The respondent is Charles E. Samuels, the warden of the facility in which he is housed. On March 2, 2007, Respondent, through counsel, filed an Answer to Petitioner's third ground for relief. On March 9, 2007, Respondent filed a motion to dismiss for lack of jurisdiction regarding the first two grounds for relief asserted by Petitioner.

The Court has considered all submissions. For following reasons, the motion to dismiss will be denied. Respondent will be ordered to file the answer and record from Petitioner's case.

**BACKGROUND**

Petitioner is a military prisoner in custody of the Federal Bureau of Prisons ("BOP") and housed at the Federal Correctional Institution ("FCI"), Fort Dix, New Jersey. In 2003, Petitioner pled guilty to three offenses committed at Camp Lejeune, North Carolina, at a general court martial convened by the 2nd Marine Division. The offenses included raping a person under the age of sixteen, in violation of 10 U.S.C. § 920; taking indecent liberties with a child under age of sixteen, in violation of 10 U.S.C. § 934; and willful possession of child pornography, also in violation of 10 U.S.C. § 934.

Petitioner was tried by a court martial and was found guilty of the charges to which he had pled guilty. On August 28, 2003, Petitioner was sentenced to dishonorable discharge, 25 years

confinement, forfeiture of pay and allowances, and reduction in pay grade.

On December 4, 2003, the convening authority, a commanding major general of the Marine Corps, approved the sentence and suspended execution of that portion of the sentence extending to all confinement in excess of 14 years, for a period of 7 years. The convening authority issued pretrial confinement credit of 136 days (April 14, 2003 to August 27, 2003), and designated Fort Levenworth, Kansas as the place of confinement.

The record of trial was then sent to the Judge Advocate General of the Navy for review, and was reviewed by the United States Navy-Marine Corps Court of Criminal Appeals. The Court affirmed. Petitioner had the opportunity to then petition the United States Court of Appeals for the Armed Forces for review of the decision, within a 60-day period, but did not do so.

Petitioner also did not seek post-conviction relief from the Judge Advocate General for a new trial, under 10 U.S.C. § 873(b).

## DISCUSSION

### A. Petitioner's Claims

In Ground One of his petition, Petitioner states that the pretrial agreement contained a provision to agree to the admissibility of evidence. Petitioner argues that this agreement violated the Rules for Court Martials § 705(C)(1)(b) and the United States Constitution.

In Ground Two of his petition, Petitioner asserts that his appellate defense counsel did not raise any issues and did not consult with him about his actions or options. Petitioner claims that he could not raise the issues himself because his legal documents were seized upon his arrival at the United States Disciplinary Barracks. Thus, Petitioner argues he was denied an effective appeal.

In Ground Three of his petition, Petitioner argues that he has not received sufficient credit for the time he was confined at the "brig" in Camp Lejeune, North Carolina.

**B. <u>Respondent's Response to Claims</u>**

Respondent, through counsel, filed a Motion to Dismiss Grounds One and Two of the petition. Respondent argues that this Court lacks jurisdiction to consider the merits of the challenges to Petitioner's court martial order. Respondent argues that Grounds One and Two are "beyond the limited scope of the civilian courts' review, under 28 U.S.C. § 2241, of court-martial proceedings." (Respondent's Brief, p. 6). Respondent points out that "on habeas review, the civil courts' consideration is limited to whether the court-martial had jurisdiction over the person of the accused and the subject matter of the offense charged and whether the accused was accorded basic constitutional rights as assured under the U[niform] C[ode] [of] M[ilitary] J[ustice]." (Brief, p. 7). Respondent argues in the motion to

dismiss that Petitioner's claims about the admissibility of evidence and the effectiveness of appellate counsel are "beyond the limited scope of civil habeas review." (Brief, p. 8).

With regard to Ground Three and Petitioner's argument that he has not received proper credit, Respondent filed an Answer stating first that Petitioner failed to exhaust this claim amongst proper BOP channels, and second, that the claim is meritless, as the convening authority approved the 136 days pretrial credit, and that 136 days credit was applied by the BOP to Petitioner's sentence.

**C. Standard of Review**

Petitioner seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United

States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**D. Petitioner's Claim for Credit Will Be Denied.**

Petitioner's claim for credit, as outlined above, does not indicate how many days credit he believes he is entitled to and was denied. He makes a simple blanket statement that although he did receive credit for confinement at the brig, none was awarded for the time Petitioner was confined at Camp Lejeune.

Petitioner has not responded to Respondent's Answer on this claim to clarify his position.

Thus, because it appears that Petitioner was awarded the 136 days credit issued by the convening authority, he has not demonstrated that he is entitled to habeas relief on this ground.

**E. Motion to Dismiss**

As noted, Respondent asserts that the motion to dismiss should be granted because this Court lacks jurisdiction over Petitioner's claims regarding his pretrial agreement and ineffective assistance of counsel.

The Court of Appeals for the Third Circuit analyzed Burns v. Wilson, 346 U.S. 137 (1953), the Supreme Court's leading authority on the degree to which federal courts may examine on habeas review a military trial. See Brosius v. Warden, 278 F.3d 239 (3d Cir.), cert. denied, 537 U.S. 947 (2002). The Court of Appeals noted that in Burns:

> The plurality stated that the petitioners' allegations "were sufficient to depict fundamental unfairness" and that the district court could have reviewed these claims de novo if the military courts had "manifestly refused to consider" them. But because the military courts had "heard petitioners out on every significant allegation" and had "given fair consideration to each of the[ir] claims," the plurality stated, the petitioners had "failed to show that this military review was legally inadequate."

Brosius, 278 F.3d at 243 (quoting Burns, 346 U.S. at 142, 144-46). The Court of Appeals went on to hold as follows:

> In the present case, we find it unnecessary to attempt any further explication of Burns. Whatever Burns means, we have no doubt that at least absent a challenge to the constitutionality of the statute under which the defendant was convicted, . . ., our inquiry in a military habeas case may not go further than our inquiry in a state habeas case. See Burns, 346 U.S. at 142, 73 S. Ct. 1045 ("In military habeas corpus cases, *even more than in state habeas corpus cases*, it would be in disregard of the statutory scheme if the federal civil courts failed to take account of the prior proceedings . . .")(emphasis added). Thus, we will assume- *but solely for the sake of argument*- that we may review determinations made by the military courts in this case as if they were determinations made by state courts. Accordingly, we will assume that 28 U.S.C. § 2254(e)(1) applies to findings of historical fact made by the military courts. Under this provision, "a determination of a factual issue made by a State court" is "presumed to be correct," and a habeas petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." In considering other determinations made by the military courts, we will assume that 28 U.S.C. § 2254(d) applies. Under this provision,
>
>> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Brosius, 278 F.3d at 245 (citations omitted). The Court of Appeals then continued to review Petitioner's claims under Miranda v. Arizona, 384 U.S. 436 (1966), and the Uniform Code of Military Justice, 10 U.S.C. § 831(b). See id. at 245-250. The Court of Appeals reviewed the evidence by examining the record of the military proceedings and Petitioner's claims, and ultimately affirmed the order of the District Court denying Petitioner's § 2241 petition. See id.

In the case at bar, Petitioner raises federal constitutional claims concerning the effectiveness of his appellate counsel under the Sixth Amendment and his due process rights under the Fifth Amendment. Thus, it is clear that this Court has jurisdiction under § 2241 to consider whether Petitioner was accorded these basic constitutional rights.

While in Burns, a plurality of the Supreme Court reviewed the record of the military courts and found that the courts had heard petitioner's claims and fairly considered his arguments, and while in Brosius, the Court of Appeals for the Third Circuit reviewed the record of the military courts and found that the

petition should be denied, in the case at bar, a record has not been provided to this Court, and thus, the Court cannot decide whether or not Petitioner's claims have been fully considered, whether his constitutional rights have been violated, or whether he is entitled to habeas relief under a § 2254 standard. Therefore, the Court will deny the motion to dismiss and order Respondent to file an Answer and the military court record.

The Court notes that Respondent asserts in footnote 6 in the Brief in Support of the Motion to Dismiss (page 9) that Respondent will be pursuing an exhaustion defense. Respondent is free to address the exhaustion requirement in its Answer, and the Court will consider that argument at that point. However, despite the assertion of the exhaustion defense, the Court will require Respondent to provide the record of the military proceedings for review by this Court.

**CONCLUSION**

For the following reasons, Petitioner's claim regarding credit will be denied. Respondent's motion to dismiss will be denied. Respondent will be ordered to answer the remaining claims of the petition and provide a record of the underlying proceedings. An appropriate order follows.

s/Noel L. Hillman
NOEL L. HILLMAN
United States District Judge

Dated: October 10, 2007

At Camden, New Jersey