**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| DERRICK O. LASTER, | : |
| Petitioner, | : Civil Action No. 06-6017 (NLH) |
| v. | :      **O P I N I O N** |
| CHARLES E. SAMUELS, | : |
| Respondent. | : |

**APPEARANCES:**

Derrick O. Laster, Pro Se
#17312-045
FMC Devens
P.O. Box 879
Ayer, MA 01432

Irene E. Dowdy
Office of the U.S. Attorney
402 East State Street, Room 430
Trenton, NJ 08608
Attorney for Respondent

**HILLMAN, District Judge**

On December 14, 2006, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241,[1] asserting three

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

grounds for relief. The respondent is Charles E. Samuels, the warden of the facility in which he was housed at the time he filed his petition. On March 2, 2007, Respondent, through counsel, filed an Answer to Petitioner's third ground for relief. On March 9, 2007, Respondent filed a motion to dismiss for lack of jurisdiction regarding the first two grounds for relief asserted by Petitioner. On October 10, 2007, this Court denied Respondent's motion to dismiss, and ordered Respondent to file an answer. Respondent filed an answer on November 26, 2007. Petitioner replied to the answer on January 10, 2008.

The Court has considered all submissions. For following reasons, the petition will be denied.

## BACKGROUND

As stated in this Court's previous opinion denying Respondent's motion to dismiss, Petitioner is a military prisoner in custody of the Federal Bureau of Prisons ("BOP"). At the time he filed this petition he was housed at the Federal Correctional Institution ("FCI"), Fort Dix, New Jersey.

In 2003, Petitioner pled guilty to three offenses committed at Camp Lejeune, North Carolina, at a general court martial convened by the 2nd Marine Division. The offenses included raping a person under the age of sixteen, in violation of 10 U.S.C. § 920; taking indecent liberties with a child under age of

sixteen, in violation of 10 U.S.C. § 934; and willful possession of child pornography, also in violation of 10 U.S.C. § 934.

Petitioner was tried by a military judge and was found guilty of the charges to which he had pled guilty. On August 28, 2003, Petitioner was sentenced to dishonorable discharge, 25 years confinement, forfeiture of pay and allowances, and reduction in pay grade.

On December 4, 2003, the convening authority, a commanding major general of the Marine Corps, approved the sentence and suspended execution of that portion of the sentence extending to all confinement in excess of 14 years, for a period of 7 years. The convening authority issued pretrial confinement credit of 136 days (April 14, 2003 to August 27, 2003), and designated Fort Levenworth, Kansas as the place of confinement.

The record of trial was then sent to the Judge Advocate General of the Navy for review, and was reviewed by the United States Navy-Marine Corps Court of Criminal Appeals. The Court affirmed. Petitioner had the opportunity to then petition the United States Court of Appeals for the Armed Forces for review of the decision, within a 60-day period, but did not do so.

Petitioner also did not seek post-conviction relief from the Judge Advocate General for a new trial, under 10 U.S.C. § 873(b).

**DISCUSSION**

A.  **Petitioner's Remaining Claims**

In Ground One of his petition, Petitioner states that the pretrial agreement contained a provision to agree to the admissibility of evidence. Petitioner argues that this agreement violated the Rules for Court Martials § 705(C)(1)(b) and the United States Constitution.

In Ground Two of his petition, Petitioner asserts that his appellate defense counsel did not raise any issues and did not consult with him about his actions or options. Petitioner claims that he could not raise the issues himself because his legal documents were seized upon his arrival at the United States Disciplinary Barracks. Thus, Petitioner argues he was denied an effective appeal.[2]

B.  **Standard of Review**

Petitioner seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241(c)(3). That section states that the writ will not be extended to a prisoner unless "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

---

[2] In his petition, Petitioner asserted in Ground Three that he had not received sufficient credit. That claim was denied by this Court's Opinion and Order filed October 10, 2007.

4

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

**C.    Examination of Military Trial on Habeas Review.**

As explained in this Court's Opinion and Order of October 10, 2007, in 2002, the Court of Appeals for the Third Circuit analyzed Burns v. Wilson, 346 U.S. 137 (1953), the Supreme Court's leading authority on the degree to which federal courts may examine on habeas review a military trial. See Brosius v. Warden, 278 F.3d 239 (3d Cir.), cert. denied, 537 U.S. 947 (2002). The Court of Appeals noted that in Burns:

> The plurality stated that the petitioners' allegations "were sufficient to depict fundamental unfairness" and that the district court could have reviewed these claims de novo if the military courts had "manifestly refused to consider" them. But because the military courts had "heard petitioners out on every significant allegation" and had "given fair consideration to each of the[ir] claims," the plurality stated, the petitioners had "failed to show that this military review was legally inadequate."

Brosius, 278 F.3d at 243 (quoting Burns, 346 U.S. at 142, 144-46). The Court of Appeals went on to hold as follows:

5

>   In the present case, we find it unnecessary to attempt any further explication of <u>Burns</u>.  Whatever <u>Burns</u> means, we have no doubt that at least absent a challenge to the constitutionality of the statute under which the defendant was convicted, . . ., our inquiry in a military habeas case may not go further than our inquiry in a state habeas case.  See <u>Burns</u>, 346 U.S. at 142, 73 S. Ct. 1045 ("In military habeas corpus cases, *even more than in state habeas corpus cases*, it would be in disregard of the statutory scheme if the federal civil courts failed to take account of the prior proceedings . . .")(emphasis added).  Thus, we will assume- *but solely for the sake of argument*- that we may review determinations made by the military courts in this case as if they were determinations made by state courts.  Accordingly, we will assume that 28 U.S.C. § 2254(e)(1) applies to findings of historical fact made by the military courts.  Under this provision, "a determination of a factual issue made by a State court" is "presumed to be correct," and a habeas petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence."  In considering other determinations made by the military courts, we will assume that 28 U.S.C. § 2254(d) applies.  Under this provision,
>
>>   [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>>
>>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

<u>Brosius</u>, 278 F.3d at 245 (citations omitted).  The Court of Appeals then continued to review its Petitioner's claims under

6

<u>Miranda v. Arizona</u>, 384 U.S. 436 (1966), and the Uniform Code of Military Justice, 10 U.S.C. § 831(b).  <u>See</u> <u>id.</u> at 245-250.  The Court of Appeals reviewed the evidence by examining the record of the military proceedings and Petitioner's claims, and ultimately affirmed the order of the District Court denying Petitioner's § 2241 petition.  <u>See</u> <u>id.</u>

In the previous Opinion and Order filed on October 10, 2007, this Court held that Petitioner raised federal constitutional claims concerning the effectiveness of his appellate counsel under the Sixth Amendment and his due process rights under the Fifth Amendment.  Thus, this Court held that jurisdiction was proper under § 2241 to consider whether Petitioner was accorded these basic constitutional rights.  This Court noted that a record had not been provided, and thus, the Court could not decide whether or not Petitioner's claims had been fully considered, whether his constitutional rights had been violated, or whether he was entitled to habeas relief under a § 2254 standard.  Therefore, this Court denied the motion to dismiss and ordered Respondent to file an Answer and the military court record.  Respondent has provided the complete military record of the proceedings involving Mr. Laster.

**D.  Review of the Record**

This Court has reviewed the record provided by Respondent, as well as Petitioner's reply, received by the Court on January 10, 2008.

    1.  Ground One

As mentioned, in Ground One of his petition, Petitioner states that the pretrial agreement contained a provision to agree to the admissibility of evidence.  Petitioner argues that this agreement violated the Rules for Court Martials § 705(C)(1)(b) and the United States Constitution.  In his reply, Petitioner argues that the videotapes were not authentic, and argues that the waiver in the pretrial agreement is void, and therefore, voids the complete court martial.

On August 13, 2003, Petitioner entered into a Pretrial Agreement ("PTA") with the assistance of defense counsel.  In addition to agreeing to plead guilty to certain charges, Petitioner agreed to the admissibility into evidence of two videotapes of himself and the victim.

Petitioner's argument that his PTA violated the Rules for Court Martials, § 705, is without merit.  The PTA rules state that an accused could enter into such terms or conditions that "are not prohibited under this rule."  R.C.M. § 705(b)(1).  Section 705(c)(1)(B) prohibits certain terms or conditions that deprive the accused of "the right to counsel; the right to due

8

process; the right to challenge the jurisdiction of the court-martial; the right to a speedy trial; the right to complete sentencing proceedings; [or] the complete and effective exercise of post-trial and appellate rights." R.C.M. § 705(c)(1)(B). The discussion under section 705(c)(1)(B) notes: "A pretrial agreement provision which prohibits the accused from making certain pretrial motions (*see* R.C.M. 905-907) may be improper." In this case, the PTA did not contain any of the prohibited terms outlined in the rule, and did not prohibit Petitioner from making any pretrial motions; instead, Petitioner agreed to waive the issue of admissibility on the videotapes.

Further, on August 28, 2003, Petitioner and counsel appeared before the court-martial for trial. Petitioner was advised of his rights, and plead guilty. A review of the record depicts that the military judge thoroughly and considerately reviewed all aspects of the guilty pleas, the admissibility of evidence and exhibits, Petitioner's understanding of the PTA, Petitioner's stipulation of facts, and every facet of the consequences of the pleas with Petitioner and counsel. This Court makes this finding after reviewing the transcript of the court martial, which lasted almost 5 hours, at pp. 198-289 of Respondent's submission, entitled "Record of Trial."

With regard to the PTA, the military judge ("MJ") asked Petitioner ("Accused" or "ACC"):

MJ: You also agreed in Paragraph 14 to the admissibility of two individual video-taped recordings of yourself and [] that are the subject of the Specification 1 of Charge III, the offense we just talked about.  You agree to that?

ACC: Yes, sir.

* * *

MJ: Okay.  Do you have any questions about your pretrial agreement?

ACC: No, sir.

MJ: Do you understand all of the provisions of it?

ACC: Yes, sir.

MJ: Are you entering into this agreement voluntarily?

ACC: Yes, sir.

MJ: Has anyone forced or threatened you to enter into this agreement?

ACC: No, sir.

MJ: Have you discussed it with your counsel and are you satisfied with his advice?

ACC: Yes, sir.

MJ: Do you have any questions about your guilty plea, your pretrial agreement, or anything else we talked about?

ACC: No, sir.

MJ: At this point I find the pretrial agreement to be in accord with appellate case law, not contrary to public policy or my own notions of fairness; and the agreement is accepted.

(Record of Trial, at pp. 258-59, 260).

This Court finds that the military judge's decision that the PTA was accepted was not contrary to military law.  See, e.g., United States v. Rivera, 46 M.J. 52 (C.A.A.F. 1997)(an accused may waive evidentiary objections in a pretrial agreement).  With regard to the PTA, as well as to the proceeding as a whole, the record reflects that throughout each stage of the military proceedings, Petitioner was informed of his rights over and over again.

Further, Petitioner has not shown, as required under a 28 U.S.C. § 2254(d) analysis, that the actions of the military courts "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

This Court has determined no reason to upset the findings of the military courts, and Petitioner's request for habeas relief on this claim will be denied.

    2.   <u>Ground Two</u>

As noted, in Ground Two of his petition, Petitioner asserts that his appellate defense counsel did not raise any issues and did not consult with him about his actions or options. Petitioner claims that he could not raise the issues himself

11

because his legal documents were seized upon his arrival at the United States Disciplinary Barracks.  Thus, Petitioner argues he was denied an effective appeal.

Petitioner was advised of his Appellate and Post-Trial rights, evidence by his signature on a form outlining these rights, dated August 27, 2003.  The form was also signed by Petitioner's counsel.  (Record of Trial, at pp. 3-4).  The form noted that Petitioner's sentence:

> . . . will be reviewed by the Navy-Marine Corps Court of Criminal Appeals for legal error, factual sufficiency, and appropriateness of sentence.  The review is automatic.  Following this, your case could be reviewed by the United States Court of Appeals for the Armed Forces, and finally it might be reviewed by the United States Supreme Court.

(Record of Trial, at p. 4).

Petitioner was assigned Appellate Defense Counsel, and on May 20, 2004, Petitioner's case was considered by the U.S. Navy-Marine Corps Court of Criminal Appeals.  The Court found:

> After careful consideration of the record, submitted without assignment of error, we affirm the findings and sentence as approved by the convening authority.

(Record of Trial, at p. 2).

The "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), is the standard for ineffective assistance of counsel as enunciated in Strickland v. Washington, 466 U.S. 668 (1984).  Under Strickland, a petitioner seeking to prove a Sixth Amendment

12

violation must demonstrate that his counsel's performance fell below an objective standard of reasonableness, assessing the facts of the case at the time of counsel' s conduct.  See id. at 688-89; Jacobs v. Horn, 395 F.3d 92, 102 (3d Cir. 2005); Keller v. Larkins, 251 F.3d 408, 418 (3d Cir.), cert. denied, 534 U.S. 973 (2001).  Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Strickland, 466 U.S. at 688.  "In any case presenting an ineffectiveness claim, the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances."  Id.

If able to demonstrate deficient performance by counsel, the petitioner must also show that counsel's substandard performance actually prejudiced his defense.  See Strickland, 466 U.S. at 687.  Prejudice is shown if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id. at 694.  The reviewing court must evaluate the effect of any errors in light of the totality of the evidence. See id. at 695-96.  Thus, the petitioner must establish both deficient performance and resulting prejudice in order to state an ineffective assistance of counsel claim.  See id. at 697; see also Jacobs, 395 F.3d at 102; Keller, 251 F.3d at 418.

The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment guarantees a defendant the effective assistance of counsel on a first direct appeal as of right.  See Evitts v. Lucey, 469 U.S. 387 (1985).  Claims of ineffective assistance of appellate counsel are evaluated under the Strickland standard.  See Lewis v. Johnson, 359 F.3d 646, 656 (3d Cir. 2004).  Appellate counsel does not have a duty to advance every nonfrivolous argument that could be made, see Jones v. Barnes, 463 U.S. 745, 754 (1983), but a petitioner may establish that appellate counsel was constitutionally ineffective "if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994).

The Strickland standards also apply to guilty pleas alleged to be the result of ineffective assistance of counsel.  See Hill v. Lockhart, 474 U.S. 52 (1985).  To prevail on an ineffective assistance claim in a guilty plea context, a petitioner must show: (1) counsel's performance relating to the plea was deficient; (2) the deficient performance prejudiced Petitioner's case, because there was a reasonable probability that but for counsel's errors, the defendant would not have pled guilty, and would have gone to trial.  See Strickland, 466 U.S. at 687-88; Hill, 474 U.S. at 59.

14

In this case, Petitioner's claims concerning appellate counsel are vague and conclusory.  Petitioner does not state what meritorious issues he believes counsel should have raised on appeal, besides the review of the findings and sentence by the Appeals Court.  Petitioner plead guilty to the offenses, provided a stipulation of facts, and provided sworn testimony as to the incidents for which he plead guilty.[3]

Based on this Court's review of the military record, which included an appeal and review of his case by the proper tribunal, and based on Petitioner's admissions, this Court finds no evidence that habeas relief is warranted.  Petitioner has not demonstrated either prong of the Strickland standard, as outlined above.  Therefore, Petitioner's request for habeas relief based on ineffective assistance of counsel is denied.

---

[3] The Court notes that Petitioner's Reply cited eight cases that Petitioner attempted to review for this habeas case. Petitioner was not provided the cases from the prison library. The Court has reviewed each of these cases and finds that none changes this Court's opinion.

**CONCLUSION**

For the foregoing reasons, the petition will be denied. An appropriate order follows.

                                         s/Noel L. Hillman
                                         NOEL L. HILLMAN
                                         United States District Judge

Dated: May 21, 2008

At Camden, New Jersey